UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-1867 DSF (RCx) | Date | 4/9/10 |
| Title | Kim v. Countrywide Home Loans, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order REMANDING Action to the Superior Court of California, County of Los Angeles

On February 10, 2010, Plaintiff Jae Chul Kim filed this action in California Superior Court against Defendants Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., and Doe Defendants, alleging numerous violations of California statutes and common law, including breach of contract. (Compl. ¶ 79.)

On March 15, 2010, Defendant filed its Notice of Removal of Action pursuant to 28 U.S.C. §§ 1331, 1441. Defendant claims that this Court has jurisdiction over this action on federal question grounds and refers the Court to Plaintiff's breach of contract claim "for purported breach of the Home Affordable Modification Program ("HAMP") with the United States Department of Treasury." (Removal ¶¶ 2-4.)

"A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted). The Supreme Court has called this latter category of § 1331 cases "special and small." Id. at 699.

Whether a claim raises a "substantial question of federal law" turns on whether the federal questions presented call for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). In addition, "in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Id. at 317 (internal quotation marks omitted). This means that "the federal issue will ultimately qualify for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

federal forum [under § 1331] only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts . . . ." Id. at 313-14.  In answering this question, Courts should assess whether the exercise of jurisdiction could result in "a potentially enormous shift of traditionally state cases into federal courts." Id. at 319.

"The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

Here, Defendant does not even put forward an argument about why the Court should view this case as fitting within the "special and small" subset of cases where § 1331 jurisdiction exists even though federal law did not create any of the causes of action.  For this reason, the Court finds that Defendant did not meet its burden in establishing subject matter jurisdiction, and it REMANDS the case back to state court. See Delgadillo v. Countrywide Home Loans, Inc., No. CV 09-7435 AHM (PLAx), 2009 WL 5064943, at *1-2 (C.D. Cal. Dec. 23, 2009) (remanding in an analogous case).

IT IS SO ORDERED.